IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RODNEY EARL HENSCH,     ) | | |
| ID # 38680-177,     ) | | |
| Movant,     ) | | |
| vs.     ) | | No. 3:18-CV-2705-L-BH |
| ) | | No. 3:09-CR-183-L |
| UNITED STATES OF AMERICA,     ) | | |
| Respondent.     ) | | Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this pro se habeas case has been automatically referred for full case management. Before the Court is the *Movant's Motion for Judicial Notice Pursuant to Rule 201*, received September 28, 2018 (doc. 3). Based on the relevant filings and applicable law, the motion, which has been liberally construed as a motion to vacate sentence under 28 U.S.C. § 2255, should be dismissed without prejudice to the filing of any future § 2255 motion.

### I. BACKGROUND

Rodney Earl Hensch (Movant) pleaded guilty to a felony information charging him with attempted receipt of child pornography, and was sentenced to 180 months' imprisonment by judgment entered January 5, 2010. (*See* No. 3:09-CR–183-L, docs. 15-18, 30.) He did not appeal or file a motion to vacate his sentence. Almost nine years after the entry of judgment, on September 28, 2018, he filed a motion requesting (1) judicial review of his conviction on grounds that this Court lacks jurisdiction in this case because the prosecutors were not properly appointed to their positions, and (2) judicial notice of the United States Constitution and federal statutes. (*Id.*, doc. 31.) The motion expressly stated that it was not to be construed as a habeas petition or motion to vacate. (*See id.* at 2.)

By order dated October 11, 2018, Movant was notified that because his filing challenged

his federal conviction and sentence, it was properly construed as a motion to vacate sentence under 28 U.S.C. § 2255.  (*See id.,* doc. 33.)  The order noted that under *Castro v. United States*, 540 U.S. 375, 383 (2003), the Court could not recharacterize his *pro se* post-conviction motion as a first § 2255 motion without prior notice and warning about the consequences of that recharacterization, i.e., that any future §2255 motion would be subject to the restrictions imposed on second or successive motions.  (*Id.*)  It specifically advised Movant that he could either file an amended § 2255 motion that raised all of his challenges to his conviction and/or sentence, or he could file a notice that he intended to dismiss his motion.  (*Id.*)  The order expressly provided that dismissal of the motion would be without prejudice to the filing of any future § 2255 motion, although any future § 2255 motion could be barred by the one-year statute of limitations.  (*Id.*)

After almost three months from the date of the order had passed, but Movant had not filed an amended § 2255 motion or a notice of dismissal, otherwise responded to the order, or filed anything else in the case, a second order issued on January 3, 2019.  (*See* 3:18-CV-2705-L, doc. .)  The second order specifically provided that within thirty days, Movant must either file an amended § 2255 motion that raised all of his challenges to his conviction and/or sentence, or a notice that he intended to dismiss his petition.  (*Id.*)  The order again expressly provided that dismissal of the petition would be without prejudice to the filing of any future § 2255 motion, and that any future § 2255 motion could be barred by the one-year statute of limitations.  (*Id.*)  Finally, the order specifically warned that failure to comply with its terms could result in dismissal of this action.  (*Id.*)

More than thirty days from the date of the second order have passed, but Movant has

again neither filed an amended § 2255 motion or a notice of dismissal, nor otherwise responded to the order.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).

Movant was given notice that his motion was being construed as a § 2255 motion, and that he could either file an amended § 2255 motion or a notice that he intended to dismiss his motion. After almost three months passed without a response, a second order was issued that gave him thirty days to either file an amended § 2255 motion or a notice that he intended to dismiss his petition. He was specifically warned that failure to do so could result in dismissal of this action. Because he failed to comply with the order and has not otherwise responded to it, his motion should be dismissed under Fed. R. Civ. P. 41(b) without prejudice to filing a future § 2255 motion, which may be barred by the one-year statute of limitations.

## III.  RECOMMENDATION

The *Movant's Motion for Judicial Notice Pursuant to Rule 201*, received September 28, 2018 (doc. 1), which was construed as a motion to vacate sentence under 28 U.S.C. § 2255, should be dismissed without prejudice to the filing of any future § 2255 motion (which may be barred by the one-year statute of limitations), unless the Movant files an amended § 2255 motion within the time for objecting to this recommendation, or by some other deadline set by the Court.

3

**SO RECOMMENDED on this 4th day of March, 2019.**

                                                                      _____
                                                                      IRMA CARRILLO RAMIREZ
                                                                    UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                                   _____
                                                                      IRMA CARRILLO RAMIREZ
                                                                    UNITED STATES MAGISTRATE JUDGE